DLA PIPER

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jeffrey D. Rotenberg
Jeffrey.Rotenberg@dlapiper.com
T 212.335.4556
F 917.778.8556

November 18, 2020
*Via ECF*

The Honorable Judge Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *Francisco v. Abengoa, S.A., et al.*, No. 1:15-cv-6279 (ER)**

Dear Judge Ramos:

In accordance with the Court's November 17, 2020 order permitting this sur-reply, we write on behalf of all Defendants in connection with Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 142). This sur-reply addresses a November 6, 2020 ruling by the Spanish National Court *reversing* the decision of the Criminal Investigation Court in Seville upon which Plaintiffs rely heavily in their September 30, 2020 memorandum (ECF No. 143) and November 9, 2020 reply memorandum (ECF No. 154) in support of their motion for leave. A copy of the November 6, 2020 Spanish National Court ruling, with a certified English translation is attached as Exhibit A to this letter.

Plaintiffs attach great weight to what they claim is a June 9, 2020 decision in which the Criminal Investigation Court in Seville transferred jurisdiction in a case involving two Abengoa subsidiaries – Abeinsa and Inabensa, but not Abengoa itself, not the Underwriter Defendants, and not Mr. Sánchez Ortega – to the Spanish National Court in Madrid, supposedly because "the alleged financial accounting fraud . . . *pervaded Abengoa in its entirety*." (PTAC ¶ 190; emphasis in Plaintiffs' original). Plaintiffs' opening memorandum, dated September 30, 2020, calls the decision "judicial fact finding[]" that "recogniz[es] evidence sufficient to show criminal conduct and misrepresentations by the company and its most senior management," and Plaintiffs assert that the decision "provide[s] chapter-and-verse support for Plaintiff's allegations." ECF No. 143 at 2. Plaintiffs' reply memorandum dated November 9, 2020 asserts that the decision is "based on extensive evidentiary records with implicit factual findings." ECF No. 154 at 12. According to Plaintiffs, the ruling was based on "evidence [that] showed that the criminal actions pervaded Abengoa in its entirety," and Plaintiffs go so far as to call the ruling a "factual finding[] necessary to establish . . . liability." ECF No. 154 at 12.

As we previously demonstrated, Plaintiffs have misconstrued this proceeding as merits based. *See* ECF No. 147 at 8-9; ECF No. 150 at 15-17. But even if that were not the case, on November 6,

DLA PIPER



2020 the Spanish National Court *reversed* the transfer decision upon which Plaintiffs rely because the two actions are not related in the manner required by Spanish law (Ex. A at 6). The Spanish National Court's November 6, 2020 ruling states that the Criminal Investigation Court in Seville's "initial investigation" into discrete allegations in Seville – the allegations at the heart of our Plaintiffs' motion for leave to file their third amended complaint – turned into "a macroprocess in light of the mere allegation that said unlawful accounting practices were widespread throughout the company" and notwithstanding the absence of "any incriminating information." *Id*.

In short, nothing has changed since this Court concluded in its August 21, 2020 decision dismissing the second amended complaint in this action that "as to the proceedings in Spain, the complaint contains no reference to the outcome of those proceedings or to their ultimate findings." *Francisco v. Abengoa, S.A.*, 2020 WL 4940752, at *23 (S.D.N.Y. Aug. 21, 2020). This decision correctly "decline[d] to assume the truth of the allegations in those proceedings" (*id.*) and there remains no reason "to assume the truth of the allegations in those proceedings" today. The Spanish National Court's November 6, 2020 ruling confirms, in the Spanish National Court's words and contrary to Plaintiffs' claim, that "the proceeding is in the early stages of the investigation phase." Ex. A at 5.

Respectfully submitted,

*/s/ Jeffrey D. Rotenberg*
Jeffrey D. Rotenberg

cc: All Counsel of Record