# Exhibit A

LIONBRIDGE

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

**CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English of the attached Order No. 509/20, dated November 6, 2020.

Ethan Ly, Managing Editor
Lionbridge

Sworn to and subscribed before me

this 12th day of NOVEMBER, 20 20.

LAURA E MUSICH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6386791
Qualified in Queens County
My Commission Expires 01-28-2023

| LEXNET NOTIFICATION by kmaleon<br>ROBERTO GRANIZO PALOMEQUE<br>Tel. 91 5443609 – Fax. 91 5442405<br>procesal@granizoprocuradores.es | : 202010366552582<br>> > JUAN CARLOS ALFEREZ DOMINGUEZ<br><br>**R/37219 JOSE FERNANDO GIRALDEZ ORTIZ** | **11-06-2020**<br><br>1/8 |
|---|---|---|

[logo] Granizo
Palomeque
Party Agents [*Procuradores*]

MARIA GRANIZO PALOMEQUE
ROBERTO GRANIZO PALOMEQUE
Agents Representing Parties in Courts of Law

**MADRID, POZUELO, MAJADAHONDA, MÓSTOLES, ALCORCÓN, and ALCOBENDAS**

**Case 37219 / Re: Client R/37219**

| | |
|---|---|
| Client: | JOSE FERNANDO GIRALDEZ ORTIZ and MANUEL LORA FERNANDEZ |
| Opposing Party: | |
| Matter: | PRELIMINARY PROCEEDINGS 10/16 |
| Court: | Central Magistrate 2 Madrid |

## Summary

**Decision**

| | |
|---|---|
| **11.06.2020** | **LEXNET**<br>**JUDGMENT IN FAVOR OF OUR APPEAL** |

---

Best Regards

*In accordance with Articles 13 and 14 of the RGPD regarding the right of interested parties to receive information, we hereby inform you that the identifying information of all parties of record have been included in a Treatment in the name of: ROBERTO/MARIA GRANIZO PALOMEQUE, and therefore all parties may exercise their access rights pursuant to Article 13 and Recitals 59 and 63 of said Regulation.*
*They may exercise their rights through electronic means by sending an email to procesal@granizoprocuradores.es or by postal mail to C/ Gaztambide No. 74, bajo izda, indicating in either case the reason for exercising said right as well as the evidentiary document, such as, for example a copy or electronic copy of the National Identity Document or document that would prove the identity of the applicant.*
*Said data are used only for the proper conduct of the judicial proceeding for which they have been collected.*
*Only assignments that have been previously authorized or requested by the Court will be processed.*
*The time period during which said data are stored shall be the period that is strictly necessary for the conduct of the Proceeding and the data retention obligation stipulated by law.*

NATIONAL COURT

CRIMINAL DIVISION

SECTION FOUR

RECORD ON APPEAL 482/20

CENTRAL MAGISTRATE COURT No. 2

PRELIMINARY PROCEEDING 10/46

THE HONORABLE:

ANGELA MURILLO BORDALLO

TERESA PALACIOS CRIADO

CARMEN-PALOMA GONZALEZ PASTOR

**ORDER No. 509/20**

In Madrid, on November 6, 2020

**FACTUAL BACKGROUND**

**SOLE PARAGRAPH**. Central Magistrate's Court No. 2 is hearing preliminary proceeding 10/16 to investigate the alleged commission of the crimes of falsification of annual financial statements and falsification of economic and financial information arising from the presentation of the complaint for the procedural representation of Iñigo Mac-Crohon Padilla, et al., in their capacity as members of the "*Plataforma de perjudicados por Abengoa*" S.A. against Felipe Benjumea Llorente and Manuel Sanchez Ortega, which after initially not being admitted and with the lower court's decision reversed on appeal, the court accepted the filing of the complaint in an order dated 02/02/2017, thereby continuing with the investigation into the facts set forth in the complaint.

During the proceedings, said court received preliminary investigation 2315/2018 from Magistrate Court No.

3 of Seville after the matter of jurisdiction challenged through the motion alleging improper venue filed by the criminal complainants "*Asociación de perjudicados por Abengoa*" [Association of Parties Harmed by Abengoa] was resolved in favor of the central magistrate courts for the joinder of these proceedings, as a result of the connection between the facts investigated in the Sevillian capital and the facts investigated by central Magistrate Court No. 2; following the above-cited report, the court ruled in an order dated September 1, 2020, in favor of the motion alleging lack of jurisdiction over these proceedings of the Seville Magistrate Court.

After notice of said decision was issued, an appeal was filed by legal counsel for **José Fernando Giraldez Ortíz and Manuel Lora Fernández**, which after being granted leave to proceed, was served on the Office of the Public Prosecutor, and after the bill of particulars was completed, it was sent to this section, where record on appeal 486/20 was formed.

In a proceeding held on 10/20/2020, the record on appeal was completed, Carmen Paloma González Pastor was appointed as Drafting Judge, and the date of deliberations was scheduled for 10/26/20, with the proceedings now pending resolution.

## CONCLUSIONS OF LAW

**FIRST**. The appellant's grounds for appeal state that given that the amendment of the complaint to include additional claims brought at the time constitute the grounds for the lack of jurisdiction granted by Magistrate Court No. 3 of Seville, the arguments set forth in said amended complaint in favor of the joinder had already been dismissed by the Central Magistrate Court when it denied a previous claim alleging lack of jurisdiction, with said decision affirmed by this section. Furthermore, the appellant argues, the basis used by the court in support of this new claim alleging lack of jurisdiction was an expert report of the KPMG audit firm that was refuted by a witness and by another expert with conclusions that were the complete opposite of the previous ones.

As a second argument, the appellant asserts absence of any of the grounds required to constitute related actions provided for in Article 17 of the Criminal Procedure Act in the drafting of Law 41/2015 of October 5.

In order to decide the appeal before us, it is necessary to take the following issues into account: First, the decisions that were previously issued by this court in relation to the same matter.

Second, the scope of the hearing and deciding of the proceedings in case 2315/18 of Seville Magistrate Court No. 3 before and after the amendment of the complaint, the current status of the proceedings and the different expert reports issued within the same proceeding of Seville Magistrate Court No. 3.

And, lastly, the subject of the investigation in the proceedings of Central Magistrate Court No. 2 for purposes of determining whether this case includes related actions as defined in Article 17 of the Criminal Procedure Act.

**SECOND**. In relation to the first point, it is important to bear in mind that Central Magistrate Court No. 1 rejected the jurisdiction of the National Court for the facts that were the subject of the initial complaint of the same Sevillian court in these same proceedings, with said decision affirmed in an order issued by this same section.

**THIRD**. With respect to the subject of the proceedings carried out in Seville, as inferred from the order issued by Seville Magistrate Court No. 3 on 02/10/2020, which found the motion alleging improper venue in favor of Central Magistrate Court No. 2 on the grounds of related actions, the initial subject of the proceeding was the investigation into possible manipulation or falsifying of financial statements of entities associated with the Ave Meca-Medina project, as well as the possible existence of simulation with the

invoices issued by the company Nicsa, a subsidiary of Abengoa, and with the entity Farga, a supplier of wires and cables.

Notwithstanding the foregoing, with the authority and scope of jurisdiction of the Seville court established as set forth above, and further supported by Section Three of the Provincial Court, as stated in the above-cited order of 02/10/2020 issued in relation to the submission of an amendment of the complaint to the aforesaid court for the alleged crimes of accounting fraud (Article 290), investor fraud (Article 282 bis) and issuance of falsified invoices against certain executives of the parent company, not only was an investigation into the entire Abengoa group requested, arguing that the unlawful practices initially alleged in connection with Ave Meca Medina were, in reality, common throughout the Abengoa group, but also a finding of improper venue of the proceedings in favor of the central magistrate courts in accordance with the rules of jurisdiction established in Article 65 of the Judiciary Act given that there are related actions; this lead to the admission of the amended complaint in the pertinent parts and subsequently to the Sevillian court issuing the order of 02/10/2020, granting the motion alleging improper venue brought for the joinder of the proceeding underway in Central Magistrate Court No. 2.

As stated by the Seville Court in the order dated 02/10/2020, the proceeding is in the early stages of the investigation phase where, according to the expert report prepared by KPMG, it would appear that the existence of the same unlawful acts by persons responsible in the initial complaint and in others of the parent company and of the group, which opinions appear to have been refuted by a witness and another expert report, which would render the validity of the joinder decision issued in doubt.

**THIRD**. In view of the foregoing, it is necessary to determine the scope of the jurisdiction to hear

and decide preliminary proceedings 10/16 of Central Magistrate Court No. 2; as inferred from the appealed order of 09/01/2020, the subject of the investigation is the alleged commission of a corporate crime, specifically, on the one hand, of falsification of annual financial statements and other documents under Article 290 of the Penal Code and, on the other, falsification of financial and accounting information (Article 282 bis of the Penal Code) allegedly committed by the responsible executives of the Abengoa company.

**FOURTH**. Based on the above summary, the court's understanding is that Seville Magistrate Court No. 3, which was investigating possible unlawful activities in connection with the annual financial statements related to the Meca-Medina project and other subsidiaries of Abengoa not associated with said project, has turned that initial investigation into a macroprocess in light of the mere allegation that said unlawful accounting practices were widespread throughout the company and in the group and based on said general appearance of criminal activity, absent any incriminating information, seeks to conclude the entire investigation under a legal precept, without having performed an analysis to properly determine whether the initial investigation could encompass another indiscriminate and generic investigation and, once said motion to amend the complaint to include other claims was granted, to finalize and dispense with both investigations, under the pretext of Article 65 of the Judiciary Act, with the small inconvenience of the fact that at the time the joinder was ordered, in principle, it appeared that there was a failure to satisfy the legal requirements established in the new version of Article 17 of the Criminal Procedure Act, which eliminated as a ground for joinder of related actions the often used ground of simply analogy or relationship between the various crimes that a person is charged with; therefore, given that there is no specific support in any other clause of those provided in the aforesaid precept, it is proper to conclude that neither the content of the initial investigation of the Seville court nor the content agreed following the amendment of the complaint to include additional claims satisfies the requirements of related actions for the purpose of the investigation carried out by Central Magistrate Court No. 2, which allows us to

confirm the lack of legal basis for the lack of jurisdiction ordered by the Seville court in favor of Central Magistrate Court No. 2.

Therefore, and for the reasons set forth above, it is proper to find in favor of the appeal and to revoke the decision appealed from.

**THE HOLDING**

**THE COURT HEREBY GRANTS** the appeal presented by Roberto Granizo Palomeque, Esq. on behalf of **José Fernando Giraldez Ortíz and Manuel Lora Fernández** from the order issued on 09/01/2020 by Central Magistrate Court No. 2, which is revoked in its entirety.

Notice hereof shall be served on the parties of record.

No ordinary appeal may be filed against this decision.

So decided, ordered and signed by the Honorable Judges.

| | | |
|---|---|---|
| LEXNET **NOTIFICATION** by kmaleon<br>ROBERTO GRANIZO PALOMEQUE | **: 202010366552582** | **11-06-2020**<br>8/8 |

LexNET

**LexNET Message – Notice** **Date Generated: 11/06/2020 15:47**

Message

| | | |
|---|---|---|
| **IdLexNet** | 202010366552582 | |
| **Subject** | Notice of Event 8: ORDER GRANTING APPEAL JOSE FERNANDO GIRALDEZ AND MANUEL LORA | |
| **Sender** | **Body** | NATIONAL COURT CRIMINAL DIVISION NO. 4 of Madrid, Madrid [2807922004] |
| | **Type of Body** | NATIONAL COURT, CRIMINAL DIVISION |
| | **Docket Office** | DOCKET AND CASE ASSIGNMENT OFFICE OF THE NATIONAL COURT, CRIMINAL DIVISION [2807922000] |
| **Recipients** | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578] | |
| | **Association of Party/Court Agents** | Distinguished Association of Party/Court Agents of Madrid |
| **Time/Date Sent** | 11/6/2020 14:09:42 | |
| **Documents** | 2807922004000000037042020 280792200422.PDF (Main document) | Description: Notice of Event 8: ORDER GRANTING APPEAL JOSE FERNANDO GIRALDEZ AND MANUEL LORA<br>Document Hash:<br>cc4bcf0fb5e94fa37125b08f8009c498d3f5b7d354c8ad5a76f5e5044cd7aead |
| **Message Data** | End proceeding | APPEAL FROM ORDER No. 0000482/2020 |
| | Event Details | ALL |
| | General ID No. | 2807927220160000410 |

Message History

| Date-Time | Action issued by | Action | Recipient of the action |
|---|---|---|---|
| 11/06/2020 15:47:45 | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578] - Distinguished Association of Party/Court Agents of Madrid | ADOPTED | |
| 11/06/2020 14:14:02 | Distinguished Association of Party/Court Agents of Madrid | SENT TO | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578] - Distinguished Association of Party/Court Agents of Madrid |

(*) All times entered by LexNet are for the Peninsular region

LexNET

Granizo Palomeque Procuradores

MARIA GRANIZO PALOMEQUE
ROBERTO GRANIZO PALOMEQUE
Procuradores de los Tribunales

MADRID, POZUELO, MAJADAHONDA, MÓSTOLES, ALCORCÓN y ALCOBENDAS

**Expediente 37219 / Ref. Cliente R/37219**

Cliente... : JOSE FERNANDO GIRALDEZ ORTIZ y MANUEL LORA FERNANDEZ
Contrario :
Asunto... : DILIGENCIAS PREVIAS 10/16
Juzgado.. : CENTRAL DE INSTRUCCION 2 MADRID

# Resumen

**Resolución**

**06.11.2020** **LEXNET**
**ESTIMAN NUESTRO RECURSO APELACION**

Saludos Cordiales

*En cumplimiento de los artículos 13 y 14 del RGPD, relativos al derecho de información de las personas interesadas, comunicamos que los datos personales de todas las partes personadas, se han incluido en un Tratamiento a Nombre del: ROBERTO/MARIA GRANIZO PALOMEQUE, con lo que todas las partes podrán ejercer sus derechos de acceso en virtud del Artículo 13 y del considerando 59 y 63 del citado Reglamento.*
*Podrá ejercer sus derechos de manera telemática enviando un correo a la dirección procesal@granizoprocuradores.es o a través de la dirección postal C/ Gaztambide, nº 74, bajo izda., indicando en cualquier caso el motivo del ejercicio del derecho así como documento probatorio p. e. copia o copia electrónica del Documento Nacional de Identidad o documento que pueda probar la identidad del solicitante.*
*Dichos datos se usaran solamente para la correcta gestión del procedimiento judicial para el que han sido recabados.*
*Sólo se producirán cesiones que hayan sido previamente autorizadas o solicitadas por el Juzgado.*
El plazo de tenencia de dichos datos será el estrictamente necesario para el desarrollo del Procedimiento y la obligación de retención de datos que marca la ley

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 2/8

**AUDIENCIA NACIONAL**

**SALA DE LO PENAL**

**SECCIÓN CUARTA**

**ROLLO 482/20**

**JUZGADO CENTRAL DE INSTRUCCIÓN N°2**

**DILIGENCIAS PREVIAS 10/46**

**ILMOS. SRES:**

**Dª ANGELA MURILLO BORDALLO**

**Dª TERESA PALACIOS CRIADO**

**Dª CARMEN-PALOMA GONZALEZ PASTOR**

**AUTO n° 509/20**

En Madrid, a seis de noviembre de dos mil veinte

**ANTECEDENTES DE HECHO**

**ÚNICO.-** Por el juzgado central de instrucción n°2 se sigue procedimiento de diligencias previas 10/16 para la investigación de la presunta comisión de los delitos de falseamiento de cuentas anuales y de falseamiento de información económica y financiera a raíz de la presentación de la querella por la representación de procesal de Iñigo Mac-Crohon Padilla y otros, en su condición de miembros de la "Plataforma de perjudicados por Abengoa" S.A. contra D. Felipe Benjumea Llorente y D. Manuel Sanchez Ortega, que tras ser inadmitida a trámite inicialmente y ser estimado el recurso de apelación, dio lugar a que por el juzgado se acordara su admisión en auto de 02/02/2017, continuándose la investigación de los hechos relatados en la querella.

En el curso de las actuaciones, el referido juzgado recibió las diligencias previas 2315/2018 del juzgado de instrucción n°

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 3/8

3 de Sevilla al haberse aceptado la cuestión de competencia por declinatoria presentada por los querellantes, "Asociación de perjudicados por Abengoa", en favor de los juzgados centrales de instrucción para su acumulación a las presentes actuaciones, como consecuencia de la conexidad de los hechos investigados en la capital hispalense y los que son objeto de investigación por parte del juzgado central de instrucción nº 2; tras el citado informe, el juzgado acordó en auto de 1 de septiembre de 2020 aceptar la inhibición de las diligencias del juzgado de instrucción de Sevilla.

Notificada la citada resolución, se interpuso recurso de apelación por la representación legal de **D. José Fernando Giraldez Ortíz, y D. Manuel Lora Fernández**, de forma que una vez admitido a trámite, se dio traslado al Ministerio Fiscal y una vez formado el testimonio de particulares se remitieron a esta sección donde se formó el rollo 486/20.

Mediante diligencia de 20/10/2020 se formó rollo y se designó como Magistrada Ponente a Dª Carmen Paloma González Pastor y se señaló como fecha de la deliberación el 26/10/20 quedando las actuaciones pendientes de su resolución.

## FUNDAMENTOS DE DERECHO

**PRIMERO.-** Loa motivos de apelación del recurrente hacen referencia a que siendo la causa de la inhibición acordada por el juzgado de instrucción nº 3 de Sevilla la ampliación de la querella presentada en su día, los argumentos expuestos en esa ampliación a favor de la acumulación fueron ya desestimados por el juzgado central de instrucción cuando no se admitió una inhibición anterior, siendo tal decisión confirmada por esta misma sección. Es más, alega el recurrente, la base utilizada por el juzgado en apoyo de esta nueva inhibición fue un informe pericial de la auditora KPMG que ha sido rebatida por un testigo y por otra pericial con conclusiones absolutamente opuestas a las anteriores.

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 4/8

Como segundo argumento alega no concurrir ninguna de las causas de conexidad previstas en el artículo 17 de la L.E. Crim. en la redacción de la Ley 41/2015 de 5 de octubre.

A los efectos de poder resolver el recurso presentado es necesario tener en cuenta, las cuestiones siguientes:

En primer lugar, las decisiones ya acordadas por este tribunal con motivo del mismo asunto.

En segundo término, el ámbito de conocimiento de las diligencias 2315/18 del juzgado de instrucción nº 3 de Sevilla, antes y después de la ampliación de la querella, el estado en que se encuentran las diligencias y los distintos pareceres periciales emitidos en el ámbito del propio procedimiento del juzgado de instrucción nº 3 de Sevilla.

Y, finalmente, el objeto de investigación de las diligencias del juzgado central de instrucción nº 2 a los efectos de poder precisar si existe la conexidad procesal del artículo 17 de la L.E. Crim.

**SEGUNDO.-** En relación al primer punto, no puede olvidarse que el Juzgado Central de Instrucción nº 1 rechazó la competencia de la Audiencia Nacional por los hechos objeto de la querella inicial del mismo juzgado hispalense en estas mismas diligencias, siendo tal decisión confirmada en el auto dictado por esta misma sección.

**TERCERO.-** En cuanto al objeto de conocimiento de las actuaciones seguidas en Sevilla, según se deduce del auto dictado por el juzgado de instrucción nº 3 de Sevilla de 10/02/2020 que acuerda la inhibición por declinatoria a favor del juzgado central de instrucción nº 2, por razones de conexidad, el objeto inicial del procedimiento era la investigación de una posible manipulación o falseamiento de las cuentas de las entidades relacionadas con el proyecto Ave Meca-Medina, así como la posible existencia de simulación con las

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 5/8

facturas emitidas por parte de la empresa Nicsa, filial de Abengoa, y con la entidad Farga proveedor de cables.

No obstante lo anterior, sentada la competencia y ámbito de conocimiento del juzgado de Sevilla en los términos expuestos, avalados, además, por la Sección Tercera de la Audiencia Provincial, según se dice en el auto de 10/02/2020 citado, con motivo de la presentación de una ampliación de la querella ante el referido juzgado por los presuntos delitos de falsedad contable (artículo 290), estafa de inversores (artículo 282 bis) y emisión de facturas ficticias contra determinados ejecutivos de la empresa matriz, se solicitó no sólo la investigación a todo el grupo Abengoa sosteniendo que las prácticas ilícitas expuestas inicialmente en relación al Ave Meca Medina, en realidad, eran comunes en todo el grupo Abengoa, sino también la inhibición de las actuaciones a favor de los juzgados centrales de instrucción de acuerdo a las normas competenciales establecidas en el artículo 65 de la L.O.P.J. al existir conexidad procesal; lo que desembocó en la admisión de la ampliación de la querella en los términos interesados y, más tarde, en que el juzgado hispalense dictara en el auto de 10/02/2020, acceder a la declinatoria planteada para su acumulación al procedimiento en curso en el juzgado central de instrucción nº 2.

Como indica el propio juzgado de Sevilla en el auto de 10/02/2020, el procedimiento se encuentra en una fase embrionaria propia de la fase de investigación, en el que de acuerdo al informe pericial llevado a cabo por KPMG, parecería desprenderse la existencia de unos mismos hechos ilícitos por personas responsables en la querella inicial y en otras de la matriz y del grupo, opiniones, que parecen haber sido contradichas por algún testigo y otro informe pericial, que dejaría en entredicho la procedencia de la propia decisión de acumulación adoptada.

**TERCERO.-** Dicho lo anterior, restaría saber cual es el ámbito de conocimiento de las diligencias previas 10/16 del

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 6/8

juzgado central de instrucción nº 2; según se deduce del auto recurrido de 01/09/2020, el objeto de investigación es la presunta comisión de un delito societario, concretamente, de una parte, el de falseamiento de cuentas anuales y otros documentos del artículo 290 del código penal y, de otra, el falseamiento de información económica y contable (artículo 282 bis del código penal) presuntamente cometido por los responsables ejecutivos de la mercantil Abengoa.

**CUARTO.-** Del resumen indicado, el tribunal ha comprendido que el juzgado de instrucción nº 3 de Sevilla que se encontraba investigando las posibles ilegalidades de las cuentas anuales relativas al proyecto Meca-Medina y otras filiales de Abengoa anejas al mismo, ha convertido esa inicial investigación en un macroproceso como consecuencia de la mera alegación de que esas prácticas irregulares contables eran generalizadas en la entidad y en el grupo y bajo tal apariencia delictiva general, ausente de dato incriminatorio, se pretende finalizar toda la investigación al amparo de un precepto legal, sin haber llevado una labor de análisis que permita valorar adecuadamente si la investigación inicial se podía acumular otra indiscriminada y genérica y, una vez conseguida la admisión de esa ampliación, deshacerse de ambas, so pretexto del artículo 65 de la L.O.P.J., con el pequeño inconveniente, de que en el momento de acordarse la acumulación, en principio, no parecían concurrir los requisitos legales establecidos en la nueva redacción del artículo 17 de la L.E.Crim. que eliminó como causa de conexidad la causa frecuentemente utilizada de la simple analogía o relación entre sí de los diversos delitos que se imputen a una persona; por lo que, no existiendo apoyo específico en ninguna otra cláusula de las previstas en el referido precepto, daría lugar a la conclusión de que ni el contenido de la investigación inicial del juzgado hispalense, ni tampoco el acordado tras la ampliación de la querella, reúne los requisitos de conexidad con el objeto de la investigación que tramita el juzgado central de instrucción nº 2, lo que permite

NOTIFICACIÓN LEXNET by kmaleon : 202010366552582 06-11-2020
ROBERTO GRANIZO PALOMEQUE 7/8

concluir la falta de apoyo legal dela inhibición acordada por el juzgado de Sevilla en favor del Juzgado Central de Instrucción nº 2.

En consecuencia y, por los motivos expuestos, procede la estimación del recurso presentado y la revocación de la resolución impugnada.

**PARTE DISPOSITIVA**

**EL TRIBUNAL ACUERDA: ESTIMAR** el recurso de apelación presentado por el procurador D. Roberto Granizo Palomeque en nombre de **D. José Fernando Giraldez Ortíz, y D. Manuel Lora Fernández** frente al auto de 01/09/2020 del juzgado central de instrucción nº2 que se revoca íntegramente.

Notifíquese a las partes personadas.

Contra esta resolución no cabe recurso alguno ordinario

Así lo acuerdan, mandan y firman los Ilmos. Sres. Magistrados.

LexNET

**Mensaje LexNET - Notificación** **Fecha Generación: 06/11/2020 15:47**

## Mensaje

| | | |
|---|---|---|
| **IdLexNet** | 202010366552582 | |
| **Asunto** | Comunicacion del Acontecimiento 8: AUTO ESTIMA RECURSO JOSE FERNANDO GIRALDEZ Y MANUEL LORA | |
| **Remitente** | **Órgano** | AUD.NACIONAL PENAL SECCION N. 4 de Madrid, Madrid [2807922004] |
| | **Tipo de órgano** | A.N. SALA DE LO PENAL |
| | **Oficina de registro** | OF. REGISTRO Y REPARTO AUD.NACIONAL SALA PENAL [2807922000] |
| **Destinatarios** | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578] | |
| | **Colegio de Procuradores** | Ilustre Colegio de Procuradores de Madrid |
| **Fecha-hora envío** | 06/11/2020 14:09:42 | |
| **Documentos** | 280792200400000037042020280792200422.PDF (Principal) | Descripción: Comunicacion del Acontecimiento 8: AUTO ESTIMA RECURSO JOSE FERNANDO GIRALDEZ Y MANUEL LORA<br>Hash del Documento: cc4bcf0fb5e94fa37125b08f8009c498d3f5b7d354c8ad5a76f5e5044cd7aead |
| **Datos del mensaje** | **Procedimiento destino** | APELACION CONTRA AUTOS Nº 0000482/2020 |
| | **Detalle de acontecimiento** | TODOS |
| | **NIG** | 2807927220160000410 |

## Historia del mensaje

| Fecha-hora | Emisor de acción | Acción | Destinatario de acción |
|---|---|---|---|
| 06/11/2020 15:47:45 | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578]-Ilustre Colegio de Procuradores de Madrid | LO RECOGE | |
| 06/11/2020 14:14:02 | Ilustre Colegio de Procuradores de Madrid (Madrid) | LO REPARTE A | GRANIZO PALOMEQUE, ROBERTO PRIMITIVO [578]-Ilustre Colegio de Procuradores de Madrid |

(*) Todas las horas referidas por LexNET son de ámbito Peninsular.